PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

### Petition for Summons for Offender Under Supervision

Name of Offender: <u>Donny Ray Brown</u>   Case Number: <u>1:09-00013</u>

Name of Sentencing Judicial Officer: <u>Honorable Aleta A. Trauger, United States District Judge</u>

Date of Original Sentence: <u>December 10, 2010</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) and 924, Felon in Possession of a Firearm</u>

Original Sentence: <u>37 months' custody followed by 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>December 12, 2011</u>

Assistant U.S. Attorney: <u>Pending Assignment</u>   Defense Attorney: <u>Deanna Bell Johnson</u>

---

**PETITIONING THE COURT**

__X__  To issue a Summons
_____  To issue a Warrant

---

**THE COURT ORDERS:**

☐ No Action
☐ The Issuance of a Warrant
    ☐ Sealed Pending Warrant Execution
       (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons
☐ Other

Considered this 11th day of April, 2013, and made a part of the records in the above case.

_____
Aleta A. Trauger
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_Kara Sanders_
Kara Sanders
U.S. Probation Officer

Place: Nashville, TN

Date: April 11, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

1. **The defendant shall not illegally possess a controlled substance.**

    On April 9, 2013, U.S. Probation Officer Kara Sanders, conducted a home contact, at the residence of Mr. Brown's girlfriend, Jennifer Brown. In plain view, on a table next to the bed, was a wire with black residue. The residue appeared to be tar from a marijuana pipe. Officer Sanders asked Mr. Brown if there was marijuana in the residence, he replied "no", and said "I don't smoke pot." Officer Sanders asked Jennifer Brown if there was marijuana in the residence and she produced a wooden box with a small amount of marijuana and a marijuana pipe. Officer Sanders confiscated the contraband and instructed Mr. Brown to report for a drug test immediately.

2. **The defendant shall refrain from any unlawful use of a controlled substance.**

    On April 9, 2013, Mr. Brown tested positive for marijuana and benzodiazepines on a screening drug test. He admitted to smoking marijuana, with his then girlfriend, Sara Williams, approximately two weeks ago. He reports he smoked one marijuana joint. Mr. Brown denied using any Benzodiazepines. The urine sample was sent to Alere Laboratories for confirmation of the positive results.

    Mr. Brown also tested positive for opiates, but provided documentation of a prescription for hydrocodone dated March 27, 2013. He had not reported this prescription previously and indicated it was prescribed for knee pain. He reports he has been taking hydrocodone for several months, but has not reported it to Officer Sanders. Until this date he had never tested positive for opiates.

    From June 2012 to March 2013, Mr. Brown's drug tests were conducted by Centerstone Mental Health. He admitted to flushing his system prior to every test with Centerstone. His drug tests have been increased and future tests will be conducted by U. S. Probation Office staff.

3. **The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.**

    Mr. Brown failed to notify his probation officer prior to changing his residence. Since May 2012, Mr. Brown has reported his residence as 111 River Heights Drive, Columbia, Tennessee, with his mother. On April 9, 2013,

he admitted residing with Sarah Williams for several weeks in March 2013, in her trailer on Kinzer Lane, Columbia, Tennessee. He currently reports his residence as 1503 Kinzer Lane, Lot #15, Columbia, Tennessee, with Jennifer Brown. Sarah Williams and Jennifer Brown live in the same trailer park.

It should be noted that Jennifer Brown is currently on misdemeanor probation in Columbia, Tennessee, for assault.

### Compliance with Supervision Conditions and Prior Interventions:

Donny Ray Brown, began his three-year term of supervised release on May 15, 2012. He was provided a copy of his Judgment and Commitment order and all conditions of release were explained.

Mr. Brown was assessed for mental health needs in June 2012, by Centerstone Mental Health. He was diagnosed with Mood Disorder and Polysubstance Abuse. Monthly individual mental health therapy was recommended. He failed to attend treatment in July 2012, and began treatment in August 2012. From August 2012 to March 2013, he attended one individual therapy session per month. His March 2013 treatment note indicated he was adjusting well and not using drugs. However, as a response to his recent drug use, his treatment has been increased to weekly sessions.

Mr. Brown has reported sporadic employment with Pat's Carpet, in Columbia, Tennessee. This employment has been verified. He does report continuing to look for full-time employment. However, he has provided no job search documentation.

### Update on Offender Characteristics:

There is no additional information that has not already been provided in this petition.

### U.S. Probation Officer Recommendation:

It is respectfully recommended that a summons be issued and Mr. Brown appear before Your Honor for a hearing to address his alleged violations.

The U.S. Attorney's Office has been notified of the allegations and concurs with the probation officer's recommendation.

Approved:

_____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. DONNY RAY BROWN, CASE 1:09-00013

**GRADE OF VIOLATION:** C  
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** Post April 30, 2003          **Protect Act Provisions**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 Years (Class C felony) 18 U.S.C. § 3583(e)(3) | 6-12 months U.S.S.G. § 7B1.4(a) | 6 months' half-way house placement |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G § 5D1.2(a)(2) | No Recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G § 7B1.3(a)(2).

Respectfully Submitted,

_Kara Sanders_  
Kara Sanders  
U.S. Probation Officer

Approved: _Britton Shelton_  
Britton Shelton  
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Donny Ray Brown

2. **Docket Number** *(Year-Sequence-Defendant No.)* 1:09-00013

3. **District/Office** MD TN

4. **Original Sentence Date** 12 / 10 / 2010
                                           month  day  year

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| shall not illegally possess a controlled substance | c |
| shall refrain from unlawful use of controlled substance | c |
| shall notify probation officer 10 days prior to changing residence | c |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    c

9. **Criminal History Category** *(see §7B1.4(a))*    IV

10. **Range of Imprisonment** *(see §7B1.4(a))*    6-12 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Donny Ray Brown

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   Restitution($) _____   Community Confinement _____

   Fine($)        _____   Home Detention         _____

   Other          _____   Intermittent Confinement _____

13. **Supervised Release**

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: _____ to _____ years

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from imprisonment: 1-3 years

14. **Departure**

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002