PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Summons for Offender Under Supervision
[Superceding Petition Filed as Docket Entry No. 62]

Name of Offender: <u>Donny Ray Brown</u>       Case Number: <u>1:09-00013</u>

Name of Sentencing Judicial Officer: <u>Honorable Alteta A. Trauger, United States District Judge</u>

Date of Original Sentence: <u>December 10, 2010</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) and 924, Convicted Felon in Possession of a Firearm</u>

Original Sentence: <u>37 months' custody followed by 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>    Date Supervision Commenced: <u>December 12, 2011</u>

Assistant U.S. Attorney: <u>Lynne Ingram</u>    Defense Attorney: <u>Deanna Bell Johnson</u>

---

### PETITIONING THE COURT

____ To issue a Summons
____ To issue a Warrant
__X__ To consider Additional Violation(s)/Information

---

**THE COURT ORDERS:**

☐ No Action
☐ The Issuance of a Warrant
   ☐ Sealed Pending Warrant Execution
     (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons
☒ Consideration of Additional Violation(s)/Information @ hng.
☐ Other    scheduled for 5/7/13.

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

Considered this 1st day of May, 2013,
and made a part of the records in the above case.

/s/ Kara Sanders
Kara Sanders
U.S. Probation Officer

/s/ Aleta A. Trauger
Aleta A. Trauger
U. S. District Judge

Place    Nashville, TN

Date    May 1, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 62, has been amended as follows:

> Violation No. 2 - has been amended to report a positive drug test, for marijuana, on April 22, 2013.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

**1.** **The defendant shall not illegally possess a controlled substance.**

On April 9, 2013, U.S. Probation Officer Kara Sanders, conducted a home contact, at the residence of Mr. Brown's girlfriend, Jennifer Brown. In plain view, on a table next to the bed, was a wire with black residue. The residue appeared to be tar from a marijuana pipe. Officer Sanders asked Mr. Brown if there was marijuana in the residence, he replied "no", and said "I don't smoke pot." Officer Sanders asked Jennifer Brown if there was marijuana in the residence and she produced a wooden box with a small amount of marijuana and a marijuana pipe. Officer Sanders confiscated the contraband and instructed Mr. Brown to report for a drug test immediately.

**2.** **The defendant shall refrain from any unlawful use of a controlled substance.**

On April 9, 2013, Mr. Brown tested positive for marijuana and benzodiazepines on a screening drug test. He admitted to smoking marijuana, with his then girlfriend, Sara Williams, approximately two weeks ago. He reports he smoked one marijuana joint. Mr. Brown denied using any Benzodiazepines. The urine sample was sent to Alere Laboratories for confirmation of the positive results.

Mr. Brown also tested positive for opiates, but provided documentation of a prescription for hydrocodone dated March 27, 2013. He had not reported this prescription previously and indicated it was prescribed for knee pain. He reports he has been taking hydrocodone for several months, but has not reported it to Officer Sanders. Until this date he had never tested positive for opiates.

From June 2012 to March 2013, Mr. Brown's drug tests were conducted by Centerstone Mental Health. He admitted to flushing his system prior to every test with Centerstone. His drug tests have been increased and future tests will be conducted by U. S. Probation Office staff.

**Additional violation information:**

On April 19, 2013, Mr. Brown tested negative for marijuana on a screening drug test, however he continued to test positive for opiates. He does continue to report taking his opiate prescription as directed. On April 22, 2013, Mr. Brown tested positive for marijuana. He reported he had not used marijuana since his last admission. He did admit that he flushed his system prior to the April 19, 2013, drug test. The urine sample was sent to Alere Laboratories for confirmation and analysis to compare the levels of THC to the April 9, 2013, positive marijuana drug test. Alere Laboratories, Pat Pixxo, Director of Toxicology concluded:

"It is my Opinion that this offender reused marijuana prior to the collection on 4/22/13. I base this opinion on social use, the lack of significant decrease in the normalized level of drug present in the urine specimen collected on 4/22/13, the length of time the donor continues to test positive after the specimen collected on 4/9/13 (13 days) and a urine half-life of 24-48 hours."

3. **The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.**

Mr. Brown failed to notify his probation officer prior to changing his residence. Since May 2012, Mr. Brown has reported his residence as 111 River Heights Drive, Columbia, Tennessee, with his mother. On April 9, 2013, he admitted residing with Sarah Williams for several weeks in March 2013, in her trailer on Kinzer Lane, Columbia, Tennessee. He currently reports his residence as 1503 Kinzer Lane, Lot #15, Columbia, Tennessee, with Jennifer Brown. Sarah Williams and Jennifer Brown live in the same trailer park.

It should be noted that Jennifer Brown is currently on misdemeanor probation in Columbia, Tennessee, for assault.

**Compliance with Supervision Conditions and Prior Interventions:**

Donny Ray Brown, began his three-year term of supervised release on May 15, 2012. He was provided a copy of his Judgment and Commitment order and all conditions of release were explained.

Mr. Brown was assessed for mental health needs in June 2012, by Centerstone Mental Health. He was diagnosed with Mood Disorder and Polysubstance Abuse. Monthly individual mental health therapy was recommended. He failed to attend treatment in July 2012, and began treatment in August 2012. From August 2012 to March 2013, he attended one individual therapy session per month. His March 2013, treatment note indicated he was adjusting well and not using drugs. However, as a response to his recent drug use, his treatment has been increased to weekly sessions.

Mr. Brown has reported sporadic employment with Pat's Carpet, in Columbia, Tennessee. This employment has been verified. He does report continuing to look for full-time employment. However, he has provided no job search documentation.

**Update on Offender Characteristics:**

The original petition for a summons was signed by Court on April 11, 2013. Mr. Brown reported on the summons on April 22, 2013, and his initial appearance was held the same day. He was not detained. Your Honor has scheduled a revocation hearing for May 11, 2013.

**U.S. Probation Officer Recommendation:**

It is respectfully recommended that the additional violation be considered at the revocation hearing before Your Honor on May 11, 2013.

The U.S. Attorney's Office has been notified of the allegations and concurs with the probation officer's recommendation.

Approved:

_____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. DONNY RAY BROWN, CASE 1:09-00013

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** IV

**ORIGINAL OFFENSE DATE:** Post April 30, 2003     **Protect Act Provisions**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 Years (Class C felony) 18 U.S.C. § 3583(e)(3) | 6-12 months U.S.S.G. § 7B1.4(a) | 6 months' half-way house placement |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G § 5D1.2(a)(2) | No Recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G § 7B1.3(a)(2).

Respectfully Submitted,

Kara Sanders
U.S. Probation Officer

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

Offender Address:

1503 Kinzer Lane
Lot #15
Columbia, TN 38401



Toxicology Services
1111 Newton Street
Gretna, Louisiana USA
800-433-3823 Toll-free Phone
504-361-8989 Phone
504-361-8298 Fax

April 29, 2013

To: Bill Lord

RE: Request for THCA Interpretation for Donor: Brown 20742

This memo is in response to your request for additional information concerning the length of time that marijuana can stay in the body.

Marijuana is stored in the body longer than many other drugs. Depending upon the type of use of the drug, the length of time it can stay in the body fluctuates. Recent scientific data indicate that a person who is a chronic user, meaning that he/she uses the drug several times a day every day, may continue to release the drug into the urine for up to four weeks. The social user, someone al who smokes a one joint per week, will eliminate the drug in less than 5 days at a 15 ng/ml cut off. Elimination of drug is expressed in terms of a half-life, which is the length of time it takes for half of the drug to be eliminated. The average half-life for marijuana is 24 to 48 hours for an occasional user and 48 to 72 hours for a chronic user.

Alere utilizes Gas Chromatography coupled with Mass Spectrometry (GC/MS) to identify 11-nor-9-carboxy-delta-9-tetrahydrocannabinol (THCA), the primary metabolite from marijuana use.

When evaluating specimens close in time, urine concentration is a factor which can complicate the interpretation. As urine concentration fluctuates, drug level fluctuates; therefore, correction for the dilution or concentration of the urine is essential prior to evaluating whether a donor has reused the drug in a span of time between drug test collections. The correction for concentration is called a creatinine normalization procedure. A random urine creatinine should be in the range of 100 to 200 mg/dl with an average of approximately 170 mg/dl. To compensate for the dilution effect, the drug concentrations are normalized and reported as nanogram of drug per milligram of creatinine

The specimens listed below were submitted for analysis at Alere Toxicology Services, Inc. yielding the following results:

| Date Collected | Specimen Number | THCA ng/mL | Creatinine mg/dL | Normalized THCA Value |
|---|---|---|---|---|
| 4/9/13 | A01222506 | 150 | 148.1 | 101 ngTHCA/mgCreatinine |
| 4/22/13 | B0259180 | 188 | 313.7 | 59 ngTHCA/mgCreatinine |

Officer Bill Lord provided information that the offender denies use of marijuana. The specimen collected on 4/9/13 was also positive for hydrocodone documenting the use of hydrocodone prior to the collection of the specimen.

Based on the denial of use, this opinion letter will be based on social use. Social use is defined as smoking one marijuana cigarette per week. Although the normalized value has decreased in concentration, this does not automatically indicate the offender did not reuse

marijuana. The half-life of the drug and usage patterns of the offender must be taken into consideration. In addition, recent research by Drs. Huestis and Smith (*Journal of Analytical Toxicology* 2009) has clearly demonstrated the expected ratio for clearance in social users. The research demonstrates the clearance of THCA from the urine of a social user is 5 days using a 15 ng/mg cut off level. The time period between collections for the specimens listed above was 13 days.

It is my opinion that this offender reused marijuana prior to the collection on 4/22/13. I base this opinion on social use, the lack of significant decrease in the normalized level of drug present in the urine specimen collected on 4/22/13, the length of time the donor continues to test positive after the specimen collected on 4/9/13 (13 days) and a urine half-life of 24-48 hours.

Please do not hesitate to contact me if additional information is needed. I can be reached at 800-433-3823 #68291 or via email to at pat.pizzo@alere.com.

Regards,

Pat Pizzo, B.S., DABFE
Director of Toxicology
Alere Toxicology